UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILLIP B. HAUSKEN,<br><br>                Plaintiff,<br><br>   v.<br><br>LYNN BELANGER and SGT. DUNLEVY,<br><br>                Defendants. | NO: 2:15-cv-00025-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF *IN FORMA PAUPERIS* AND DISMISSING ACTION |

By Order filed March 25, 2015, the Court instructed Plaintiff to show cause why he should not be precluded from proceeding *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g). ECF No. 3. Plaintiff did not respond to the Order, and on May 12, 2015, this Court issued an Order Denying Leave to Proceed *In Forma Pauperis* and Dismissing Action. ECF No. 4. On June 15, 2015, the Court received a letter from Plaintiff purporting to explain how he met the standard set out in 28 U.S.C. § 1915(g). ECF No. 6. The Court construes this letter as a motion to reconsider its previous order at ECF No. 4.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF *IN FORMA PAUPERIS* AND DISMISSING ACTION -- 1

Plaintiff's letter describes intervening in an altercation "a few months ago" between an inmate known as "Pitbull" and inmate David Newton. Plaintiff alleges that Pitbull was sent to the segregation unit. According to Plaintiff, when Pitbull returned from segregation, he assaulted another inmate and was sent back to segregation. Plaintiff believes he is in imminent danger because Pitbull has threatened him in the past and could be released from segregation at any time.

Despite Plaintiff's allegations, his motion to reconsider must be denied for several separate and individually sufficient reasons. First, it is untimely. Plaintiff had ample opportunity to present these allegations when the Court issued its Order to Show Cause. Plaintiff failed to do so and Judgment was entered against him. ECF No. 5. Second, Plaintiff's letter does not demonstrate that he was in "imminent danger" at the time he filed the complaint in January 2015. *See* ECF No.1. The letter only states the altercation was "a few months ago" and does not show any threat was present at the time he filed the complaint. Third, it is far from clear that the altercation between Pitbull and the other inmate coupled with a threat toward Plaintiff, rises to the level of "imminent danger" under 28 U.S.C. § 1915(g). The Court notes this without deciding the issue, as it is unnecessary to dispose of this motion. Finally, Plaintiff's allegations of danger appear wholly unrelated to his complaint.

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF *IN FORMA PAUPERIS* AND DISMISSING ACTION -- 2

Although not every claim need be related to the source of danger, at least one must be. *See Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007) (explaining that if one claim contained in a complaint satisfies the "imminent danger" threshold the whole complaint is subject to *in forma pauperis* status).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's letter, construed as a motion to reconsider, ECF No. 6, must be **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to Plaintiff at his last known address. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 17th day of July 2015.



                Stanley A. Bastian
              United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER DENIAL OF *IN FORMA PAUPERIS* AND DISMISSING ACTION -- 3